CARTER, *Appellant*, v. ALEXANDER.

1.  **Meaning of " Give " as used in a Contract.** By way of compromise of all differences between the parties interested in the estate of a deceased person, the heirs agreed to "give" the widow $3,750 and a certain lot of ground. *Held*, that the word "give," so far as it related to the lot, must be taken in the sense of "convey," and so far as it related to the money, in the sense of "pay."

2.  **Covenant to Convey binds Covenantor to Convey Good Title.** When a person on sufficient and valuable consideration agrees and binds himself in a written contract, which remains executory, to convey land, and nothing more appears, and there is nothing on the face of the contract indicating a different intention, the obligation thus assumed is, that he will make a conveyance effectual to pass the title to the purchaser.

3.  **Wills, Construction of.** A will should be so construed as to give effect to all the words therein without rejecting or controlling any of them, provided it can be done by a reasonable construction not inconsistent with the manifest intent of the testator.

4.  **Will : POWERS OF EXECUTORS.** A testator by one clause of his will devised a house and lot to his wife, " to be held and owned by her during her natural life or widowhood, and then to revert to my (his) estate, and be disposed of as hereinafter provided for." By a succeeding clause he directed his executors " to dispose of all my (his) real estate as soon as it can be done without material loss." *Held*, that the power thus conferred upon the executors could not be exercised in regard to the house and lot devised to the wife so long as she lived and remained a widow.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Karnes & Ess* for appellant.

NORTON, J.—E. H. Carter died in 1875 having made two wills, in the first of which he devised to plaintiff, Sallie A. Carter, who was his wife, a considerable amount of property, and in the second will, which contained a clause revoking all former wills, he devised to plaintiff a smaller amount of property. The two wills were presented for

probate in the probate court of Jackson county; the first was rejected and the second admitted to probate, and thereupon a suit was commenced in the circuit court of said county to establish the first and reject the second of said wills. The said E. II. Carter died leaving plaintiff, his widow, and defendant John L. Carter, and the wives of defendants Alexander and Webb, Annie Carter, and Mary Carter, as his heirs and devisees, the said Annie being of the age of ten and the said Mary of the age of twelve years at the time of said Carter's death, which occurred on the 29th day of August, 1875. During the pendency of said suit to establish the first and reject the second will, and on the 27th day of February, 1876, plaintiff and defendants entered into the following contract:

"We the undersigned parties interested in the estate of E. H. Carter, deceased, do hereby agree, as a compromise of all differences between the parties interested in said estate and Sallie A. Carter, that they will give the said Sallie A. Carter, (in lieu of all claims by her against said estate either under the first or second will of E. H. Carter, deceased, or as dower in said estate,) $3,750, and lot six and the south four and a half feet of lot five, block one in McGee's addition to Kansas City.     *     *     The above proposition is to take effect and its provisions to be complied with as soon as the will of E. H. Carter, dated August 25th, 1875, is probated and confirmed by the circuit court of Jackson county.

<table>
<tr><td>(Signed,)</td><td>JOHN L. CARTER,</td></tr>
<tr><td></td><td>J. P. ALEXANDER,</td></tr>
<tr><td></td><td>ELIZABETH C. WEBB,</td></tr>
<tr><td></td><td>I. GARLAND WEBB,</td></tr>
<tr><td></td><td>MARIAN ALEXANDER.</td></tr>
</table>

I, Sallie A. Carter, do hereby agree to accept the proposition contained in the within agreement, and will take such action and make such papers at the proper time as will fully carry out said agreement.

<table>
<tr><td>(Signed,)</td><td>SALLIE A. CARTER.</td></tr>
</table>

The present suit is founded on this agreement, the pe-
tition substantially alleging as a branch thereof the failure
of defendants to convey her the real estate therein des-
cribed, notwithstanding her full compliance with all the
terms thereof; that under said contract defendants were
bound to convey her a perfect title to the land mentioned
therein, and because of their failure to do so she had been
damaged in the sum of $1,200. Defendants in their an-
swer admit the contract, deny that under it they were
bound to convey a perfect title to the land, and aver that
they were only bound to convey such title as the said Car-
ter, deceased, or his heirs and devisees had therein, and
that in compliance with their contract they had tendered
plaintiff conveyances effectual for that purpose, which she
declined to accept. On the trial judgment was rendered
for the defendants, from which plaintiff has appealed, and
assigns for error the action of the court in receiving im-
proper evidence and in giving improper and refusing to
give proper instructions.

On the trial defendants, for the purpose of showing
compliance on their part with said contract, offered, and
the court received in evidence a deed executed by I. P.
Alexander as executor of the estate of E. H. Carter, con-
veying to defendant, John L. Carter, all the right, title
and interest of the decedent in said lot and part of lot,
and also a deed executed by said John L. Carter and wife,
defendants Alexander and Webb and their wives, convey-
ing said lot and part of lot to plaintiff, all of which were
objected to on the ground that Alexander as executor had
no power to convey the land in question, and because the
deeds were ineffectual to pass the title to plaintiff.

The proper solution of the question as to whether the
court erred in overruling these objections is dependent upon
1. MEANING OF a construction both of the contract sued upon
"GIVE" AS USED
IN A CONTRACT. and the will of the testator. Defendants
agreed in the said contract to "give" the plaintiff Sallie
A. Carter, in lieu of all claims of hers against the estate

of the testator under both wills, $3,750, and lot six and the south four and a half feet of lot five, block one, McGee's addition to Kansas City. The word give as used in the contract must, we think, be taken and considered in the sense of convey, so far as it relates to the lot and part of lot. The contract can be regarded in no other light than one of sale and purchase, in which plaintiff agrees to sell her interest in the estate of the testator, for which the defendants agree to give her $3,750 and lot six and part of lot five. The word give must, therefore, be taken in the sense of convey, so far as it relates to the lots, and in the sense of pay, so far as it relates to the money. The money part of the consideration could only be given by being paid, and the land part of the consideration could only be given by being conveyed.

When a person on sufficient and valuable consideration agrees and binds himself in a written contract, which 2. COVENANT TO CONVEY BINDS remains executory, to convey land, and nothing more appears, and there is nothing on COVENANTOR TO CONVEY GOOD TITLE. the face of the contract indicating a different intention, the obligation thus assumed is that he will make a conveyance effectual to pass the title to the purchaser. Rawle on Cov. 565 ; *Vardeman v. Lawson*, 17 Tex. 16; *Little v. Paddleford*, 13 N. H. 167 ; *Hill v. Hobart*, 16 Maine, 170.

Defendants, being bound under their contract to make such a conveyance of the lots in question as would pass the 3. WILLS, CONSTRUCTION OF. title to plaintiff, unless the deeds offered in evidence had that effect, the court erred in receiving them. We are of the opinion that such was not their legal effect, even on the supposition that the title of the testator was complete at the time of his death. Unless Alexander, as executor, had power, by the will of testator, to convey the lot in question, his deed to John L. Carter was void. That he had no such power we think is manifest from the terms of the will. All the provisions of it bearing upon the question in hand are as follows:  Sec. 1.

"I will and bequeath to my beloved wife, Sarah A. Carter, one house and lot on McGee street, being lot 6, and five feet off south side of lot 5, in bock 1, McGee's addition to Kansas City, * * to be held and owned by her during her natural life or widowhood, and then to revert to my estate and be disposed of as hereinafter provided for." Sec. 9. " I hereby appoint I. P. Alexander executor of my estate. I desire that my executor will dispose of all my real estate as soon as it can be done without material loss to my estate." Adopting the well recognized principle that a will should be so construed as to give effect to all the words therein, without rejecting or controlling any of them, provided it can be done by a reasonable construction not inconsistent with the manifest intent of the testator, and we think it clear that, while, by the ninth clause of the will, the executor was invested with full power to dispose of all the real estate when it could be done without material injury to the estate, the power thus conferred could not be exercised in regard to the lot and part of lot devised in the first clause of the will to his wife during her life or widowhood, till either her marriage or death occurred, for it is expressly declared therein that, when either of these events took place, then the lots should revert to his estate and be disposed of as hereinafter provided for.

The first clause of the will evidently refers to the ninth clause, and designates the time when and the contingency upon which the power conferred on the executor in the ninth clause should be exercised in the disposition of the lots mentioned in the first clause. In other words, taking the two clauses together and giving both of them effect, they authorized the executor to dispose of all testator's real estate as soon as it could be done without material loss, except the reversionary interest in the lot, in which he had devised to his widow an estate for life or during widowhood, and that such lot could only be disposed of after the termination of the particular estate. A reason for this exception readily suggests itself, when it

4. WILL: powers of executor.

is considered that such a reversionary interest as the estate had in this lot, and which could only be enjoyed after the determination of the life estate, if disposed of before the occurrence of that event, would necessarily involve a sacrifice, and hence it was withdrawn by the testator from the operation of the general power conferred on the executor till such particular estate should be ended. These views lead us to the conclusion that the court erred in admitting the deeds offered in evidence, and for this error, as well as for the error committed in refusing the instructions asked by plaintiff, which substantially embodied the principles herein expressed, and, in giving the instructions asked by defendants, which ignored them, the judgment will be reversed and the cause remanded, to be proceeded with in conformity with this opinion. All concur, except HENRY, J., who dissents.