## J. P. BROWNLOW, Respondent, v. N. J. WOLLARD, Appellant.

### Kansas City Court of Appeals, February 4, 1895.

1. **Deeds**: DELIVERY: PRESUMPTION. Ordinarily, when a grantor makes a deed plainly for the benefit of the grantee and delivers it for record to the recorder intending it shall take immediate effect, there arises in the absence of intervening rights, a presumption of the acceptance; but such presumption may be overcome.

2. ———: ———: ———. Presumption finds practical operation when proof of the essential fact sought to be established is lacking. In this case all the facts with reference to the deed in question are before the court, and there is no room for presumption.

3. ———: GRANTOR: MISREPRESENTATIONS. A presumption that a deed to certain land is made by a certain person, when in fact it is made by another, is a material misrepresentation as the grantee is entitled to have the warranty and covenant of the party contracted for.

4. ———: ———: WAIVER: PLEADING. Where a party, after the knowledge that the deed is from the person other than the one represented, does not reject it but exercises acts of ownership over the land conveyed, he waives that part of the contract. It is suggested that the petition be amended so as to declare on the waiver.

5. ———: WARRANTY: EXECUTORY CONTRACT. In an executory contract a provision in general terms for a conveyance means a warranty deed and a good title; but in an executed contract, if the deed be already made and accepted, it stands as it is accepted. Certain suggestions as to instructions in reference to representations and acceptance.

6. **Contract**: RESCISSION: DAMAGES. Though a person may learn of misrepresentations and ascertain the real facts and still fail to rescind, he will not be debarred from showing damages.

7. **Deceit**: EQUAL FOOTING: VALUE: DAMAGES: AMENDMENT. If one stands upon an equal footing, representations as to value, though known to be false, afford no ground for a claim of damages. Suggestion as to the ammendment of the answer.

*Appeal from the Dallas Circuit Court.*—Hon. Argus Cox, Judge.

Reversed and remanded.

*John S. Haymes* and *O. H. Scott* for appellant.

(1) The court should have sustained objection to evidence of conveyance by Highfill, refused plaintiff's second and fourth instructions, and given defendant's tenth, for the reasons that as a matter of law defendant's contract was for a perfect title. *Mansfield v. Hodgdon*, 17 N. E. Rep. 544; *Vardeman v. Lawson*, 17 Tex. 16; *Hill v. Hobart*, 16 Me. 170; *Leith v. Paddleford*, 13 N. H. 167; *Winn v. Henry*, 84 Ky. 48; *Carter v. Alexander*, 71 Mo. 585; *Andrews v. Word*, 17 B. Mon. 520; *Dwight v. Cutter*, 3 Mich. 579; *Henyford v. Turner*, 67 Mo. 296; *Long v. Mining Co.*, 68 Mo. 422; *Duke v. Bennett*, 51 Mo. 221; *Church v. Paint Co.*, 66 Md. 598; *George v. Conhiam*, 38 Minn. 338; *Murphin v. Scovell*, 41 Minn. 262: *Steiner v. Zwickey*, 41 Minn. 448; *Kelley v. Thuey*, 102 Mo. 522. Hence there was no compliance with the contract and can be no recovery as to the Dallas county land. (2) The contract for the conveyance of the Dallas county land certainly was not an executed one. To be so there must have been a delivery of the deed called for or some acceptance on defendant's part. *First.* He is only presumed to accept a perfect deed. *Long v. Joplin Mining Co.*, supra. *Second.* Such a deed as called for in the contract has never been executed. *Third.* He can not be held to have accepted the Highfill deed when he did not know, and had no reason, under the contract, to expect such a deed. (3) But, if it be held that the above rules do not apply because the conveyance was an executed one, then, for stronger reason, defendant's tenth instruction should

have been given, and plaintiff's sixth refused for the same reason, that the act and consideration were past, the the title being already in defendant, being voluntarily placed there, and was, therefore, no consideration for the contract. 1 Parson on Contracts [6 Ed.], side page 469, bottom page 492; 3 Am. and Eng. Encyclopedia of Law, p. 838, sec. 23; 1 Add. on Contracts [Morgan's Ed.], p. 16, sec. 5.    (4) The court should have given defendant's tenth instruction.    The contract states that the consideration and inducement for entering into it is the fact of J. M. Wollard having deeded the Dallas county land to defendant, which the record evidence, and all other, shows was not in fact true.    The contract was then entered into upon a mistake as to the existence of a material fact and is void, the consideration and subject matter never having existed.    Am. and Eng. Encyclopedia of Law, p. 897, 898, secs. 72, 73, and cases cited.    *Gibson v. Pelpi*, 37 Mich. 380.    *Fleetwood v. Brown*, 11 N. E. Rep. 779.    (5) The court should have given defendant's sixth instruction.    It is undisputed that the Kansas land was incumbered to its full value, and deed of trust was never assigned to defendant.

*Levi Engle* and *A. S. Stanley* for respondent.

(1) The deed from Highfill to defendant was competent evidence.    It conveyed to defendant the identical lands he thought he was getting.    It was immaterial who conveyed the title to him.    An entirely different consideration than that expressed may be proved to support a contract.    *Miller v. McCoy*, 50 Mo. 214; *Fontain v. Saving Institution*, 57 Mo. 552; *Hollocher v. Hollocher*, 62 Mo. 267; *McConnell v. Brayner*, 63 Mo. 661; *Laudman v. Ingram*, 49 Mo. 212; *Rabsuhe v. Lack*, 35 Mo. 316; *Moore v. Ringo*, 82 Mo.

468; *Wood v. Broaley*, 76 Mo. 23; *Liebke v. Knapp*, 79 Mo. 22; *Dobyns v. Rice*, 22 Mo. App. 448. (2) The deed from Highfill to defendant was delivered to and accepted by defendant. *Ells v. Railroad*, 40 Mo. App. 165; *Huiser v. Beck*, 55 Mo. App. 668. The defendant treated the property as his own and tried to dispose of it. (3) The conveyances were executed and the consideration for the contract between plaintiff and defendant. (4) Nor will the plea of failure of consideration avail the defendant in this case, at least ten acres of the Highfill land was unincumbered and defendant never offered to reconvey it. *Fenwick v. Bowling*, 50 Mo. App. 516; *Armstrong Gilbert & Co. v. Johnson Tobacco Co.*, 41 Mo. App. 254; *Brown v. Weldon*, 99 Mo. 564. (5) There was no evidence of fraud in this case. Even had plaintiff falsely represented the value of the lands there would have been no fraud. A false representation of value constitutes no fraud in law. The means of information were equally accessible to both parties. *Jolliff v. Collins*, 21 Mo. 338; *Brooking v. Shinn*, 25 Mo. App. 277; *Koontz v. Kaufman*, 31 Mo. App. 397; *Dulaney et al. v. Rogers*, 64 Mo. 201; 3 Waite's Actions and Defenses, p. 431; *Anderson et al. v. McPike*, 86 Mo. 293; *Bank v. Hunt*, 7 Mo. App. 42; 76 Mo. 439; *Penn v. Davis*, 29 Mo. 184; *Cahn v. Reid & Bungardt*, 18 Mo. App. 115, 127; *Dun v. White*, 63 Mo. 181. (6) Even it be held that it was material by whom the deed had been made that conveyed the Dallas county lands to defendant, and that by the mistake of defendant alone, or by the mutual mistake of both defendant and plaintiff, defendant failed to get what he contracted for, the defense of fraud would not avail the defendant for he never offered to return or convey the property he obtained or any part thereof to the plaintiff. *Dun v. White, supra.*

ELLISON, J.—This action is based on the following contract:

"Article of agreement made and entered into by and between N. J. Wollard and J. P. Brownlow, both of Dallas county, Missouri. The said N. J. Wollard does agree this day to pay off and discharge in full the judgment and interest and costs of W. H. Ball on J. M. Wollard, N. J. Wollard and J. P. Brownlow, rendered on the ninth day of October, 1889, at the Dallas county circuit court at Buffalo, Missouri, and entered up in circuit court record "F," at page 313, and amounting at the date of rendition to $1,219.30 and costs with 10 per cent. interest from date of judgment, in case the said J. M. Wollard does not settle the same (he, the said J. M. Wollard being principal and the said N. J. Wollard and J. P. Brownlow being securities), the said N. J. Wollard is to pay said judgment, holding the said J. P. Brownlow harmless; which agreement the said N. J. Wollard enters into in consideration of the said J. M. Wollard having deeded to him the S. 1-2 SE. 1-4, and ten acres off of south side of NE. 1-4 SE. 1-4 section 33, and SW. 1-4 SW. 1-4 section 34, all in township 32, range 20, Dallas county, Missouri, and the said J. P. Brownlow assigning to said N. J. Wollard all interest he has as beneficiary in deed of trust executed by J. M. Wollard, and wife to N. J. Wollard and J. P. Brownlow, beneficiaries, in some land located in Kansas, given to secure aforesaid judgment. Now should said W. H. Ball force collection on said judgment and said J. P. Brownlow pay any part of said judgment, the said N. J. Wollard does hereby bind himself, his administrators and executors to pay the said J. P. Brownlow whatever sum of money that he, J. P. Brownlow, is compelled to pay out on said judgment, with interest thereon. The said J. P. Brownlow claims nothing in said trust deed aforesaid, or in said deed made by J. M. Wollard and wife

to N. J. Wollard as aforesaid.   The said N. J. Wollard and J. P. Brownlow do agree by this article to release or have W. H. Ball release his judgment lien on the lands sold by J. M. Wollard to J. M. Bennington, situate in Jackson township, Dallas county, Mo., on said J. M. Bennington making everything satisfactory with Thos. M. Brown, of the Dallas County Bank.   This release in no way binds J. P. Brownlow for the payment of the said judgment as between him and N. J. Wollard and does not affect above contract in any way.

"Witness our hands and seals this May 7, 1890.

"N. J. WOLLARD. [SEAL]
"J. P. BROWNLOW. [SEAL]"

As stated in this contract Ball obtained a judgment against J. M. Wollard, the principal, and plaintiff and defendant, the sureties, on a promissory note.   It appears that J. M. Wollard failed to pay the judgment and thus left it to be settled by plaintiff and defendant, his sureties.   Defendant paid one half of it, and then entered into the foregoing agreement to pay the other half, thus exonerating this plaintiff.   Plaintiff afterwards paid the other half and brought this action.   It further appears that J. M. Wollard owned the Dallas county land, having purchased it of one Highfill, subject to a mortgage of $1,000 or $1,100, though, at the date of the contract, Highfill had not made him a deed. It further appears that J. M. Wollard had some lands in Kansas, on which he gave plaintiff and defendant a deed of trust, in the nature of idemnifying security. This land was incumbered by a prior deed of trust, or mortgage.   There was evidence tending to show that on direction of J. M. Wollard, Highfill made a deed to the defendant for the Dallas county land, and defendant testified that he was informed a deed had been made at the time he executed the contract, though he

VOL. 61—9

supposed it had been made by J. M. Wollard, as he did not know that the title was in Highfill. There was evidence tending to show that plaintiff and defendant had an appointment to meet at J. M. Wollard's in order to arrange with him, in some way, about the Ball judgment. There was evidence which further tended to show that the defendant told plaintiff if he was not present at the appointed time, for plaintiff to see what could be done, as though he was there. There was evidence which further tended to show, in plaintiff's behalf, that defendant knew of the incumbrances on the lands, at the time of signing the contract. There was further evidence showing that defendant never realized anything out of the contract; that the Dallas county land was sold at execution sale, under the Ball judgment, for a nominal sum and that nothing was realized from the Kansas land. There was evidence tending further to show that defendant had endeavored to sell the land situated in Dallas county. On the other hand, there was evidence in behalf of the defendant, which tended to overthrow much of that in behalf of plaintiff. But since the verdict has been rendered in plaintiff's favor, we can only inquire into the correctness of the court's action at the trial. If the rulings of the court find justification under established principles of law, we must, of course, affirm the judgment, and, if not, reverse it.

The court instructed the jury in behalf of plaintiff that, if the defendant knew that the Dallas county lands were deeded to him (not stating by whom), or was informed of that fact, and the deed placed on record, the law would presume an acceptance by defendant, in the absence of evidence to the contrary; and that no such evidence was in the case. It was error to give this instruction. In order to make out a consideration for the contract sued on, there must

have been delivery of the deed. A presumption of delivery to a grantee can arise from the proof of necessary facts, upon which to base such presumption. Ordinarily, when a grantor makes a deed to a grantee, which is plainly for the grantee's benefit, and puts it out of his control—loses dominion over it—by delivering it for record to the recorder of deeds, intending that it shall take immediate effect as a conveyance, there will arise, in the absence of intervening rights of third parties, a presumption of acceptance by the grantee. Of course, such presumption could be overcome by evidence showing no acceptance.

II. But there is no room in this case for the operation of a presumption, since we have the facts themselves before us. Presumptions find practical operation, when proof of the essential fact sought to be established is lacking. Proof is made of certain facts which do not fully cover the matter desired to be proven; yet the character of the facts shown will raise a presumption of the existence of the fact not shown. Thus, if proof of marriage is lacking, the marriage will be presumed from proof of cohabitation. *Waddingham v. Waddingham*, 21 Mo. App. 609. But when the case shows *all* the facts as to a given matter, there is no office which a presumption can perform. In the case at bar, *all* the facts with reference to this deed are before us. The contract made by defendant, and which is the foundation of this action, itself establishes an acceptance of the deed, in so far as the mere question of acceptance is concerned. The contract itself is an agreement by defendant to do certain things, in consideration of lands having been deeded to him. The agreement made by defendant is the mode of payment for the lands which he says have been deeded to him. There is but one conclusion to draw from the language of the contract and that is, that defendant

thereby accepts the deed therein mentioned. It is, therefore, clear that no instruction as to presumptions. should have been given.

III. It was shown in evidence that all information as to the execution of the deed in question was given by this plaintiff. It was his affirmation that J. M. Wollard had made the deed, and that, in reliance upon. the truth of this information, he executed the contract. The conceded fact is that no deed was made by J. M. Wollard, but a deed for the same land was made by Highfill. This was a material misrepresentation; for the contract was made in consideration of a deed from Wollard, and defendant can not be compelled to accept. a deed from anyone else. He is entitled to the warranty and the covenants of the party named as grantor in his contract. *Kelly v. Thuey*, 102 Mo. 522; *Steiner v. Zwicky*, 41 Minn. 448. Therefore, plaintiff's instruction number 2, declaring that it was immaterial who made the deed, should not have been given.

IV. But there was evidence tending to prove that defendant afterwards became aware of the fact that. Highfill made the deed, and elected to accept it from him. It does not appear that he rejected it, and it does appear, at least there was evidence tending to prove, that he exercised acts of ownership by making efforts to sell it. This would amount to a waiver of this part of the contract. If plaintiff, therefore, expects to continue his action against defendant, he should amend his petition and declare on the contract as modified by the waiver of grantors. *Lanitz v. King*, 93 Mo. 519.

V. The court was justified in refusing the instructions which were refused for defendant. Number 2 was based on the idea that defendant was entitled, under the terms of the contract, to a warranty deed and a clear title to the land. It is true that in an executory contract, where provision is made in general

terms for the conveyance of land by a deed, it will be held to mean a warranty deed and a good title. But, if the contract be an executed contract—it the deed be already made and accepted, it stands as it is accepted, and the foregoing rule does not apply. *Herryford v. Turner*, 67 Mo. 296; *Carter v. Alexander*, 71 Mo. 585. Under the terms of the contract, defendant already had his deed, at the time the contract was executed. His case at this point will turn on the representations plaintiff may have made as to the incumbrances mentioned in the instruction. If there was embodied in the instruction the hypothesis that plaintiff falsely represented there were no incumbrances, and defendant relied upon it, the instruction would be proper. From what we have already said, the tenth instruction would be proper, under the petition as it stands; but if it be amended as indicated, this instruction should have a proviso added, submitting the question whether defendant accepted the Highfill deed.

VI. Notwithstanding it should be shown that defendant learned of plaintiff's misrepresentations and ascertained the real facts of the case and failed to rescind, he will not be debarred from showing his damages, if any, which resulted by reason of the actual facts being different from those represented. *Cahn v. Reid*, 18 Mo. 120.

But in this connection, it should be stated that it appears from the testimony that defendant had every opportunity of learning the value of the lands. He was in no way prevented, by artifice or trick, from ascertaining for himself the value. He stood upon equal footing, in this respect, with the plaintiff. In such cases, representations as to value, though known to be false, afford no ground for a claim for damages. "They come within the rule embodied in the maxim of

the civil law, *simplex commendatio non obligat."* Cahn v. Reid, 18 Mo. App. 127, 128, 129.

If defendant desires to show misrepresentations as to incumbrances on the land, he should amend his answer and make the charge in plain terms. As the answer now stands, it is too much a matter of inference.

No complaint is made by either party as to the measure of damages.

The judgment is reversed, and cause remanded. All concur.