# GEO. A. CASE, Appellant, v. HAMMOND PACKING COMPANY, Respondent.

### Kansas City Court of Appeals, March 7, 1904.

1. **BANKS AND BANKING: Principal and Agent: Authority to Collect: Borrowing.** An agent to sell and collect has no authority to borrow money for or in the name of his principal, even though it be for use in his principal's business, and the principal can not be held unless he ratifies.

2. ———: ———: **Notice: Check.** The agent's individual check on the bank remitted to the principal gives the latter no notice that principal has an account with the drawee bank, but on the contrary that the agent has.

3. ———: ———: **Ratification: Evidence.** A principal may accept money from his agent in the course of business without inquiry into the source from which it came, and can not be compelled to restore the same to the true owner.

4. ———: ———: ———: ———. If money due a principal from his agent is obtained by the unauthorized use of the principal's name and paid over to him, and he receives it in good faith without notice, he is not liable to the party from whom the agent got the money, nor does his retaining it after being informed amount to ratification.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*C. V. Buckley* for appellant.

(1) A customer is liable for his overdraft to a bank. 1 Morse on Banks and Banking, section 360, (4 Ed.); Adams v. Bank, 23 L. R. A. 111; Zane on Banks, 276. (2) An agent to do acts of a class is a general agent. As in this case to sell, collect, pay debts and remit to principal. Cross v. Railroad, 71 Mo. App. 585;

s. c., 141 Mo. 132; Mabray v. Shoe Co., 73 Mo. App. 1. (3) A principal is bound by all the acts and declarations of his agent within the apparent or real scope of the agent's authority. Am. & Eng. Enc. Law (1 Ed.), 410. Id. 1030; Suddarth v. Empire Co., 79 Mo. App. 585; Mays v. Jarvis-Canklin Mtg. Co., 138 Mo. 275; Clark v. Electric Supply Co.,72 Mo. App. 506; Knowles v. Bullene, 71 Mo. App. 341; Kellar v. Meyer, 74 Mo. App. 318; Haubelt v. Rea, 77 Mo. App. 622; Porter v. Wood, 138 Mo. 539; Garretzen v. Dunbel, 50 Mo. 104; Harriman v. Stowe, 57 Mo. 93; Greer v. Bank, 128 Mo. 559. (4) Where persons deal with the agent of a corporation who assumes authority to act no knowledge of want of authority to so act is brought home to a party dealing with him and no suspicion connected with the act, the corporation is bound thereby, even though he exceeded his authority. Langstrass v. Ins. Co., 57 Mo. 107; Watkins v. Edgar, 77 Mo. App. 148. (5) When the respondent knew that its agent was depositing its funds with and handling its funds through appellant's bank, it was its duty to ascertain his conduct and if negligent in that regard and a loss accrued to appellant, respondent must make good the loss. And even though innocent but on account of such negligence it must sustain the loss. Cummings v. Hurd, 49 Mo. App. 139; Cole v. Butler, 24 Mo. App. 76; Bank v. O'Connell, 23 Mo. App. 165.

*Galen & A E. Spencer* for respondent, *Kay Wood* of counsel.

(1) The rule is that checks must conform to the terms of the deposit. Tiedeman on Com. Paper, 730, section 447; 2 Daniel Neg. Inst., 532, section 1612; 3 Am. & Eng. Ency. Law (2 Ed.), 831 et seq.; Coote v. Bank, Fed. Cases, No. 3203, 3 Cranch C. C. 50; 2 Morse on Banks and Banking, 766, section 432; Ihl v. Bank, 26 Mo. App. 129. (2) Hence plaintiff was

wrong in allowing checks to be drawn in the name of W. A. King, cashing same and charging to the account entitled Hammond Packing Company. And the burden is on plaintiff to show that every check so paid was properly used in defendant's business. The evidence all showed that this was not the fact. Coote v. Bank, Fed. Cases No. 3204; 3 Cranch C. C. 95; Clark v. Bank, 57 Mo. App. 277-286. (3) The fact that King had authority to collect and remit the proceeds of collections and that defendant received his remittances by personal check, was no notice to the defendant of an attempt to carry deposits in its name, and gave King no implied authority to overdraw the account. On the contrary the fact that King sent defendant his personal check, and that plaintiff paid same, was notice to the defendant that the account was carried in King's name individually, and hence it had no interest in the account and could not be liable for any overdraft. Bank v. Mott, 39 Barb. (N. Y.) 180; Breed v. Bank, 4 Colo. 481; Choteau v. Filley, 50 Mo. 174; Sparks v. Company, 104 Mo. 544. (4) Plaintiff was bound to know King's authority, express or implied, at his peril. This is elementary. 1 Am. and Eng. Ency. of Law (2 Ed.), 987, (5) Defendant received and cashed checks wholly ignorant of the use of its name, or of the fact that the payment of checks would make an overdraft. It received King's personal check as it would the check of any other debtor, and sent same to plaintiff's bank to be paid if funds were present for that purpose. Baldwin v. Burrows, 47 N. Y. 199; Bohart v. Oberne, 36 Kan. 284; Thatcher v. Pray, 113 Mass. 391. (6) Defendant can not be bound by ratification unless it acted with full knowledge of all the material facts connected with the transaction, and the evidence shows conclusively it did not have this knowledge. Pitts v. Company, 75 Mo. App. 221; Cummings v. Hurd, 49 Mo. App. 139.

ELLISON, J.—This action is to recover what is termed an overdraft charged to have been made by defendant. The judgment was for defendant in the trial court.

Plaintiff is engaged in the banking business in Joplin. Defendant is a meat packing establishment at St. Joseph, Mo., and one King was its agent at Joplin to sell meat, collect accounts and remit proceeds to defendant at St. Joseph. We will assume, as contended by plaintiff, that the evidence shows that he opened an account with the plaintiff bank in the name of the defendant, "The Hammond Packing Company—W. A. King," and that he made sales of meat for defendant and collected the price thereof. That he deposited such collections with plaintiff to the credit of the account thus opened. He would from time to time draw his check on this account in his individual name and send it to defendant at St. Joseph, as proceeds of his sales of meat. He, however, also deposited his individual funds in this account and checked on it in his individual business. This mode of business continued for several months, when, finally, he drew two checks aggregating $1,581, which overdrew the account that amount. Defendant refused to pay it on the ground that it never authorized the opening of the account with plaintiff and that it did not know it had been opened until plaintiff demanded payment of the overdraft.

The trial court sitting as a jury found (and it could not have well done otherwise) that defendant never authorized King to open an account with plaintiff and that it knew nothing of it. King was not shown to have any other authority to represent defendant than to sell its meat products and collect and remit the proceeds of such sales. Such agency did not authorize him to open a bank account for defendant, nor to borrow money for it. Nor did such agency confer an apparent authority on King justifying plaintiff in believing real authority ex-

isted. The case is not at all like that of Cross v. Railroad, 71 Mo. 585; s. c., 141 Mo. 132. An agent to sell and collect the price has no authority to borrow money for or in the name of his principal, even though it be for use in the principal's business, and the principal could not be held, unless, of course, he should ratify the act.

But it is said that defendant received King's checks on the plaintiff bank and must have known of the account. The checks were notice to defendant that King had an account with plaintiff, but not that it had. Indeed King's individual checks could not lead one to suppose they were drawn on his principal's account, for such checks would not authorize payment out of the principal's money. Ihl v. Bank, 26 Mo. App. 129.

There was nothing shown from which it can be inferred that defendant ratified King's act in overdrawing. As has been already stated, the defendant did not know that King had opened an account in its name. It did not know that the money which it received was an overdraft on such account. It received and accepted the money as money due from King which he had collected from customers. Money is a current fund which any one, without notice, has a right to receive in good faith in payment or a debt, without inquiry into the source from which it comes; and the person so receiving it can not be compelled to restore it to him who was the true owner. Stephens v. Board of Education, 79 N. Y. 183; Hatch v. Bank, 147 N. Y. 184; Justh v. Bank, 56 N. Y. 478; Smith v. Bank, 107 Iowa 620.

But it is said by plaintiff that defendant received and kept the money represented by the overdraft. That fact does not create a liability against defendant. If money due a principal from his agent is obtained by such agent by the unauthorized use of the principal's name and paid over to the principal, who receives it in good faith, without notice, he is not liable to the party from whom the agent got the money. The fact that he

keeps the money, after being informed of how the agent obtained it, is not a ratification. Thatcher v. Pray, 113 Mass. 291; Baldwin v. Burrows, 47 N. Y. 212; Galick v. Grover, 33 N. J. 463; Bohart v. Oberne, 36 Kansas 284; The Penn. Co. v. Dundridge, 8 Gill & J. 323; Lime Rock Bank v. Plimpton, 17 Pick. 159.

The judgment should be affirmed. All concur.