EFFIE MITCHENER, Respondent, v. R. G. FRAZER and ANNA B. FRAZER, Appellants.

Kansas City Court of Appeals, February 3, 1913.

1. HUSBAND AND WIFE: Agent: Loan: Gift. A wife's authority to her husband to act as her agent to loan the money on notes and to collect the loans, is not authority to make a gift of the money or the notes to their daughter.

2. GIFT INTER VIVOS AND CAUSA MORTIS: Evidence: Conjecture. While evidence of a gift *inter vivos* need not be so conclusive as that of a gift *causa mortis*, yet it should be sufficiently definite and certain to place the transaction beyond mere conjecture.

3. ————: ————: ————: Case not fully developed: Remand. Where a plaintiff fails to make out a satisfactory case but yet it appears probable that the issues have not been fully developed, the court may remand for a new trial instead of reversing outright.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird*, Judge.

REVERSED AND REMANDED.

*C. C. Barrett; T. C. Owen* and *W. S. Jackson* for appellants.

*Henry P. Lay* for respondent.

ELLISON, J.—Plaintiff's action is in equity whereby she seeks a decree requiring defendants to deliver to her certain notes alleged to be hers and to

account to her for amounts of interest and principal collected, the notes and collections aggregating near three thousand dollars. The decree was for the plaintiff.

The defendants are husband and wife. It appears that defendant Anna at the time of her marriage with the other defendant was a widow with one child, who is the plaintiff herein, and who, since the matters of which she complains transpired and before this action, married one Mitchener. The action was first brought by plaintiff against her stepfather alone. Her mother was afterwards made a party defendant.

Plaintiff's claim is that she became the owner of the notes by a gift from her stepfather; and that the gift was consummated by the stepfather loaning the money and taking notes and deeds of trust securing them, in the name of plaintiff, and delivering them to her, and that she placed them in her trunk. But afterwards, the stepfather got them from her and put them in a bank. It was then shown that the stepfather had made many statements or declarations tending to corroborate plaintiff's testimony as to the gift. Her account of how the gift came to be made is rather vague. Her attorney asked her: "If Mr. Frazer ever said anything to you about giving you these notes, just tell the court what he said? A. What do you mean, Mr. Lay? O. Well, to refresh your memory, did he ever tell you anything about giving you a certain amount of property? A. Well, he said he would give me five thousand dollars, and that he would put it in mortgages on land; he talked about willing it to me first, but he said if he willed it to me, why his other children would come in and break the will, and he said a mortgage on land couldn't be broke."

She afterwards stated that this was just before he made the loans in her name.

Defendants deny the gift, but admit the notes and

deeds of trust were taken by the stepfather in plaintiff's name. They account for that by saying that it was at plaintiff's request and merely to gratify a notion of hers that if the money was loaned in her name it would make her more popular in the neighborhood and that she would become a young person of more consequence. Among other evidence in corroboration of there not being a gift, was that plaintiff was once summoned before the county board of equalization and required to state why the notes were not assessed, and that she disclaimed ownership of them and that in consequence the notes were assessed to the defendant stepfather. It was also shown that she had never attempted any acts of ownership; had not collected interest or principal, or made inquiry or claim concerning them.

Taking the present record as the foundation, it must be said that the title and ownership of the money, prior to the alleged gift to plaintiff, was in the defendant mother, and that the defendant stepfather was merely her agent in loaning and caring for it. Now, while he was his wife's agent to loan and collect the money, he was not her agent with authority to give it away. The latter power by no means follows as a consequence of the former. [Case v. Hammond Packing Co., 105 Mo. App. 168; Haynes v. Carpenter, 86 Mo. App. 30; Henson v. Keet Merc. Co., 48 Mo. App. 214, 220.]

But it is said that the wife (plaintiff's mother) was a party to the gift and approved of it. The evidence of this is not much more than conjecture. She testified she assented to plaintiff's request that the money be loaned in her name, but she disclaimed any gift to plaintiff.

While we would not care, in a case of gift *inter vivos,* to rely upon cases cited us by defendants as to the degree of proof required in gifts *causa mortis,* yet we agree with defendants that it should be defi-

nite, as distinguished from mere supposition or dubious inference.

On retrial it would be better to pursue a definite theory as to the gift claimed. It should be made to appear, with as much certainty as may be under the circumstances, when it was made, and where, with the circumstances attending, etc. One prominent fact stands out definitely in plaintiff's favor, and that is the notes being in her name; but nearly all else is too vague to be satisfactory. In this connection we do not put so much reliance on the presumption of ownership in plaintiff from the mere fact that the notes were in her name. There is no necessity for presumptions here, since the evidence shows the case must be determined on the question whether there was a gift. In establishing that, the name in which the notes appear is strong evidence disconnected from mere presumption.

We will call attention to the admission of improper evidence in plaintiff's behalf in declarations of the stepfather, out of the presence of the mother, as to his intention to give money to plaintiff or to provide for her. Such declarations could not affect the mother and should not affect the question whether her property had been disposed of by gift.

While we think the present record shows the money belonged to the mother before the gift, and as we have said there was not sufficient evidence of a gift from her, it would appear that plaintiff's case fails. Yet we deem it best not to reverse the judgment outright, and we will therefore remand the cause that there may be a retrial that the parties may gather what other evidence there may be, if any. Based on the present record, a judgment for either party would not be accompanied by that degree of satisfaction to the court we would wish. Reversed and remanded. All concur.