## J. M. WHITELOCK et al., Respondents, v. W. B. BEACH, Appellant.

Kansas City Court of Appeals, November 3, 1913.

1. CONTRACT: Pleading: Modification. In an action on a contract which has been modied, the petition should declare on the contract as modified.

2. ———: ———: ———: Variance. Where a petition declares on a certain specific contract and the evidence shows another substantially different agreement, there is a fatal variance.

3. ———: ———: New Matter: Plaintiff's Showing: Avoidance. Where the contract in suit once existed, but has been avoided by matter subsequently arising, this is new matter and must be pleaded by the defendant. But though the contract once existed, if it shows on its face that it has been avoided, as, for instance, if the time for its performance has expired, or if the plaintiff himself shows by evidence that it has been avoided, his case fails and there is no necessity for defendant pleading the avoidance.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED (*with directions*).

*Higbee & Mills* for appellant.

*J. A. Cooley,* and *Weatherby & Frank* for respondents.

ELLISON, P. J.—Plaintiffs, Whitelock & Gregory, real estate agents, and defendant had a contract wherein the former were engaged to sell the latter's farm in Adair county at eighty dollars per acre, for which they were to receive two dollars per acre as their commission for making a sale. Their agency was limited to three months. It appears that one Johnson became interested with Whitelock & Gregory in an effort to make a sale and he is made a party plaintiff.

Finally, after the time limited in the contract had expired, a sale or exchange was made to Gelbach, the latter putting in his farm and paying defendant $10,500 in money. There is some controversy between the parties concerning the sale, which will not be necessary to notice.

This action was brought on the original contract and plaintiffs seek to recover a commission of two dollars per acre as agreed in that contract. On a trial with the aid of a jury a verdict was returned for the defendant. Thereafter plaintiffs asked a new trial,

which the court granted, and from that order defendant appealed.

The evidence showed that after the expiration of the time limited in the original contract the parties entered into a new contract whereby the time of plaintiffs' agency was extended; and there was evidence tending to show the terms of sale were changed to seventy-five dollars per acre with a commission of one dollar per acre, and the court gave an instruction for defendant that if the jury believed the latter contract was made the verdict should be for defendant. The court afterwards concluded that since defendant's answer was merely a general denial, it erred in giving that instruction, and that was assigned as the reason for granting a new trial.

Since the sale or exchange was made several weeks after the contract sued on had expired, it became nullified by its own limitation. The petition, based solely on the contract, while setting out its terms and a sale, adroitly omits to allege the *date* of the sale. If it had done so it, of course, would have affirmatively shown there was no cause of action. But when plaintiffs came to show their case in evidence they showed the contract as declared upon, but also showed the sale was made after that contract had become of no effect. They sought to avoid this self-destruction by showing another contract extending the time of the original. This, if viewed as a modification of the contract, should have been pleaded, since that was vital to a cause of action. [Lanitz v. King, 93 Mo. 513; Koons v. Car Co., 203 Mo. 227, 259; Merryman v. Buddecke, 243 Mo. 205, 216; Brownlow v. Wollard, 61 Mo. App. 124, 132; House Wrecking Co. v. Sonken, 152 Mo. App. 458.] Plaintiffs insist it was not intended as a modification of the contract. If it should be granted that it was not a modification, yet the proof of it amounted to a fatal variance. As stated by the Supreme Court in Merryman v. Buddecke, 243 Mo.

205, 216, it was a suit upon one proposition and an attempt to recover upon another. So in either event plaintiffs' case failed, and the verdict was. for the right party.

Plaintiffs seem to rely on that class of authority to the effect that if a cause of action once existed and new matter .has since arisen which avoids it by way of defense, such new matter must be pleaded by the defendant in order that he may introduce evidence of it. [Northrup v. Ins. Co., 47 Mo. 435, 444; Jones v. Rush, 156 Mo. 364; Cushing v. Powell, 130 Mo. App. 576.] But this is not a case of that nature. This case, as put before the court by plaintiffs themselves, is one in which defendant did not need a defense. They stated a contract which, connected with their own evidence, was not performed by them. Then to avoid that predicament they (not defendant) claim a right to show it had been changed.

The judgment will be reversed and the cause remanded with directions to reinstate the verdict and render judgment for the defendant. All concur.