19860.   CITIZENS BANKING CO. *v.* AMERICAN BAKERIES CO.

JENKINS, P. J.   1. "If money due a principal from his agent is obtained by such agent by the unauthorized use of the principal's name and paid over to the principal who receives it in good faith, without notice, he is not liable to the party from whom the agent got the money. The fact that he keeps the money, after being informed of how the agent obtained it, is not a ratification." *Case* v. Hammond Packing Co., 105 Mo. App. 168, 172 (79 S. W. 732); *Thatcher* v. *Pray*, 113 Mass. 291 (18 Am. R. 480); *Baldwin* v. *Burrows*, 47 N. Y. 212; *Gulick* v. *Grover*, 33 N. J. 463 (97 Am. D. 728); *Bohart* v. *Oberne*, 36 Kansas 284 (13 Pac. 388); *Penn. &c. Co.* v. *Dandridge*, 8 Gill & J. 323 (29

Am. 543); Lime Rock Bank *v.* Plimpton, 17 Pick. 159 (Am. D. 286); 2 C. J. 496, § 115.

2. Thus, where an agent was engaged in driving a bread-truck and selling and delivering bread for his principal, being charged with the value of the articles of merchandise carried by him, and required to account for the same by the return of such merchandise or its value in cash, and the agent drew his own check on a bank, to the order of the principal, and, without any authority to sign his principal's name as payee, indorsed the check and deposited a part of the proceeds to his own account in another bank, which latter bank, without effort to ascertain the agent's authority, accepted the deposit and issued its cashier's check, payable to the principal, for an amount which the agent was due the principal for merchandise, the principal, receiving and using such cashier's check in good faith, will not be held to have ratified the unauthorized action of the agent in indorsing his name to the agent's check by retaining the fund to which he was entitled, after notice of the method used by the agent in obtaining the same. Accordingly, the judge of the superior court did not err in sustaining a certiorari brought to review the judgment of the judge of the municipal court finding for the bank that issued the cashier's check and against the principal, in a suit brought to recover upon such indorsement.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 12, 1930.

*Park & Strozier,* for plaintiff.
*Jones, Jones, Johnston & Russell,* for defendant.