STEPHEN D. STEPHENS, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF BROOKLYN, Appellant.

One G., who was a member of the board, defendant herein, as attorney for it received $3,600.84 of its money, which he wrongfully appropriated to his own use; he subsequently procured from plaintiff on a forged mortgage $4,129.84, which he deposited in a bank to his credit, and on the same day drew his check on said bank to defendant's order for the amount so appropriated, and delivered the same to defendant, who received it, without notice or knowledge of the fraud perpetrated upon plaintiff, and gave G. credit therefor; the check was paid and the money received thereon used by defendant.

In an action to recover the amount so received by defendant from G., *held*, that defendant having received the money in good faith, and in the ordinary course of business, for a valuable consideration, was not liable.

The possession of money vests the title in the holder, as to third persons dealing with him and receiving it in due course of business and in good faith, upon a consideration good as between the parties.

The doctrine, that an antecedent debt is not such a consideration as will cut off the equities of third parties, in respect to negotiable securities obtained by fraud, has no application to money so obtained.

*Caussidiere* v. *Beers* (2 Keyes, 198), distinguished.

*It seems*, that while the money remained on deposit in the bank, plaintiff could have compelled the bank to restore it, but having paid it out, without notice of any defect in the title of G., it was thereafter protected.

(Argued November 25, 1879; decided December 9, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of plaintiff, entered upon an order overruling exceptions and directing judgment upon a verdict.

This action was brought to recover moneys alleged to have been received by defendant belonging to plaintiff.

The facts appear sufficiently in the opinion.

*Winchester Britton*, for appellant. Defendant being a creditor of Gill; and the bank a debtor, it was entirely competent for Gill to check on his balance created by despositing plaintiff's check to pay defendant a just debt, which he did.

The question whether, had he left the money in bank, plaintiff could have recovered from the bank, does not arise here. (*Matter of Franklin Bk.*, 1 Paige, 243; *Commercial Bk.* v. *Hughes*, 17 Wend., 94; *Graves* v. *Dudley*, 20 N. Y., 76; *Marsh* v. *Oneida Bk.*, 34 Barb., 298; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 N. Y., 82; *Van Allen* v. *Am. Nat. Bk.*, 52 id., 8.) The fact that without the money obtained from plaintiff, Gill's account would have been insufficient to have paid defendant, does not change the principle or legal effect of the transaction. When the identity of the money is lost, the ability to follow it ceases. (*Kip* v. *Bk of New York*, 10 J. R., 63–65; *Loundes* v. *Anderson*, 13 East, 130.) A payee of money in due course of business is not to be put upon inquiry, at his peril, as to the manner in which said money was procured by the payer. (*Justh* v. *Nat. Bk. Comm.*, 56 N. Y., 484; *Mason* v. *Waite*, 17 Mass., 563; *Clark* v. *Shee*, Cowp., 197; *Nettle* v. *Harding*, 6 W., H. & G., 349; *Warren* v. *Haight*, 65 N. Y., 171–178; *Newtown* v. *Porter*, id., 133; *Reed* v. *Bk. Newburgh*, 6 Paige, 337; *Currie* v. *Misa*, 12 Moak, 605, 606; *Watson* v. *Russell*, 31 L. J. [Q. B.], 304; *Rapelje* v. *Emery*, 2 Dallas, 51, 54; Cowper's R., 200.) Where money comes illegally or *mala fide* into the hands of a party, it may be followed by the true owner. (*Clark* v. *Shee*, Cowp., 197; *Neale* v. *Harding*, 6 W., H. & G., 349; *Justh* v. *Nat. Bk. Comm.*, 56 N. Y., 484; *Meech* v. *Stover*, 19 id., 26; *Caussidiere* v. *Beers*, 2 Keyes, 198; Stephen's Nisi Prius, 355; *Smith* v. *Bromley*, 9 Doug., 607.)

*Alonzo C. Farnham*, for respondent. The money of the plaintiff having been virtually stolen from him, he could not be deprived of his title thereto, unless as against an innocent party, giving at the time a valuable consideration therefor. (*Caussidiere* v. *Beers*, 2 Keyes, 198; *U. S.* v. *State Nat. Bk. Boston*, 6 Otto [U. S.], 30; *Brower* v. *Peabody*, 2 Kern., 121; *Bayne* v. *U. S.*, 93 U. S. R., 642; *Wilson* v. *Smith*, 3 How. [U. S.], 763; *Bk. Metropolis* v. *N. E. Bk.*,

6 id., 212.) The defendant is not a *bona fide* holder of the money, having received it in payment of a precedent debt; and Gill having no title to the money, the plaintiff could recover it, either from him or his assignee. The assignment or transfer to the defendant did not cut off the plaintiff's equities, there being no new consideration therefor. (*Wood* v. *Robinson*, 22 N. Y., 564.) Defendant not being a *bona fide* holder, as against the prior equity of the plaintiff, there is an implied privity of contract between the parties. (*Rapelje* v. *Emery*, 2 Dall., 51, 54; *McDougal* v. *Walling*, 48 Barb., 364; *Pierce* v. *Crafts*, 12 J. R., 90, 94.) Negligence upon the part of one who, by mistake, pays to another a sum of money, to which the latter is not entitled, does not defeat the right of action of the former to recover back the money so paid. (*Lawrence* v. *Am. Nat. Bk.*, 54 N. Y., 432; *Duncan* v. *Berlin*, 46 id., 685; 55 id., 213.)

ANDREWS, J. There is no dispute as to the material facts. On and prior to the 18th of December, 1871, one Gill was a member of the board of education of the city of Brooklyn, and, as attorney for said board, received $3,600.84, the money of the board, which he wrongfully converted and appropriated to his own use. Soon after the date mentioned, he procured from the plaintiff on a mortgage forged by him on the property of a third person $4,129.34 in a check of the plaintiff which on the 21st of December, 1871, he deposited in a bank, to his credit, and on the same day drew his own check on the bank in which the deposit was made, to the order of the board of education for the amount of the money fraudulently appropriated by him and delivered the same to the board, and the board thereupon credited the check to Gill in discharge of his debt. The check was paid in due course, and the money received thereon was used by the board in its business. The plaintiff, about two months thereafter, ascertained that the mortgage received from Gill was a forgery, and then demanded from the defendant the money received from Gill. The defendant had no notice, when it

received the check from Gill, of the fraud by which he obtained the money of ·the plaintiff, nor had it any information as to the source from which the money to his credit in the bank was derived. The first information which the defendant had of the facts in respect thereto was at the time of the demand made by the plaintiff, before referred to.

The question is presented whether, under these circumstances, the plaintiff can maintain an action to recover the money received by the defendant from Gill and applied in payment of the debt owing by him to the defendant. We are of opinion that the action will not lie. The money having been obtained by Gill from the plaintiff by fraud and felony the former acquired no title thereto and the plaintiff could recover it from Gill if found in his possession, or he could follow it into the hands of any person who received it from Gill without consideration or with notice of the fraud by which he obtained it. The money when deposited by Gill in the bank, was still the money of the plaintiff. The bank was a mere depository and while it so remained, the plaintiff could have compelled the bank to restore the money to him as the rightful owner. (*Tradesmans' Bk.* v. *Merritt,* 1 Paige, 302; *Mechanics' Bk.* v. *Levy,* 3 id., 606; *Pennell* v. *Deffell,* 4 De Gex, M. & G., 372.) But the bank, having paid it out on the check of Gill without notice of any defect in his title, was thereafter protected against any claim of the plaintiff therefor. The plaintiff, however, passing by the bank to whose possession the money first came from Gill, claims to recover of the defendant on the ground that the defendant, having received it from Gill in payment of an antecedent debt, cannot be permitted to retain it as against the plaintiff. No authority has been cited which sustains this position. The rule has been settled by a long line of cases, that money obtained by fraud or felony cannot be followed by the true owner into the hands of one who has received it *bona fide* and for a valuable consideration in due course of business. This, said Lord HOLT in 1 Salk., 126, is "by reason of the course of trade which creates a property in the

assignee or bearer "— and in *Miller* v. *Race* (4 Burr., 452),
Lord MANSFIELD said : " The true reason is upon account
of the currency of it ; it cannot be recovered after it has
passed into currency." No suspicion is cast upon the *bona
fides* of the defendant. It received the money in the ordi-
nary course of business, and for a good and valid considera-
tion. The defendant had no connection with the fraud of
Gill. He did not act or assume to act as the defendant's
agent in the transaction with the plaintiff. The money was
not obtained through or by means of his relation to the
defendant. The position and rights of the parties are pre-
cisely the same as if Gill had not been a member of the board
when the payment was made, or as if the debt which he paid
had not originated in any violation of trust. It is said
that the case is to be governed by the doctrine established
in this State that an antecedent debt is not such a considera-
tion as will cut off the equities of third parties in respect of
negotiable securities obtained by fraud. But no case has
been referred to where this doctrine has been applied to
money received in good faith in payment of a debt. It
is absolutely necessary for practical business transactions
that the payee of money in due course of business shall not be
put upon inquiry at his peril as to the title of the payor.
Money has no ear-mark. The purchaser of a chattel or a
chose in action may, by inquiry, in most cases, ascertain the
right of the person from whom he takes the title. But it
is generally impracticable to trace the source from which
the possessor of money has derived it. It would introduce
great confusion into commercial dealings if the creditor who
receives money in payment of a debt is subject to the risk
of accounting therefor to a third person who may be able to
show that the debtor obtained it from him by felony or
fraud. The law wisely, from considerations of public policy
and convenience, and to give security and certainty to
business transactions, adjudges that the possession of money
vests the title in the holder as to third persons dealing with
him and receiving it in due course of business and in good

faith upon a valid consideration. If the consideration is good as between the parties, it is good as to all the world. "Money," said Lord MANSFIELD, in *Miller* v. *Race,* before cited; "shall never be followed into the hands of a person who *bona fide* took it in the course of currency and in the way of his business." The question involved in this case was considered by JOHNSON, J., in *Justh* v. *Bank of Commonwealth* (56 N. Y., 478), and he says: "In the absence of trust or agency I take the rule to be that it is only to the extent of the interest remaining in the party committing the fraud that money can be followed as against an innocent party having a lawful title founded upon consideration; and that if it has been paid in the ordinary course of business, either upon a new consideration or for an existing debt, the right of the party to follow the money is gone." The case perhaps did not call for a decision upon the point whether an existing debt was a sufficient consideration to uphold a title to money fraudulently obtained by a debtor, and by him paid to his creditor, as against the defrauded party; but we think it correctly declares the rule of law upon the subject. The case of *Caussidiere* v. *Beers* (2 Keyes, 198), is entirely consistent with the rule here declared. The defendant in that case had no right to the money either against the agent from whom he obtained it or the principal to whom it belonged. The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.