Hatch, J.
The transaction between Tomes and defendant was an individual transaction, entirely independent of any business carried on by plaintiff, or of any matter which Tomes, as general manager, was authorized to do for it. Of this fact defendant was advised, or could have been so advised, if it had made inquiry. Making no inquiry, it stood chargeable with all the knowledge it would have obtained had it done so. When it took the check it knew that it was not Tomes’ check, but the check of plaintiff, for it so read. Consequently, it took it at its peril, and became liable-to plaintiff therefor for its proceeds. Gerard v. Mc Cormick, 130 N. Y. 261; 41 St. Rep. 284. Defendant does not contend against this result; but it claims that as Tomes, by means of its property, raised the money to meet the check, and placed it in plaintiff’s account, it has suffered nothing by Tomes’ hct, save a small sum represented by the discount, which defendant offers to pay.; and that, as the transaction can be definitely and accurately traced, and the equities of the parties perfectly adjusted, no recovery should be had beyond the difference in the deposit and the amount of the check. As before observed, the transaction with'Tomes was with him as an individual. Defendant sold him the stock, and with full knowledge took plaintiff’s check in payment therefor. As to the plaintiff or any other person, Tomes could sell and corivey good title to the stock, which defendant could not question. When Tomes took the stock to the bank, and gave his note, that was his individual transaction with the bank, and was so understood by both parties to it. Tomes might do with that money many things. He could purchase other property with it, he could pay the check of plaintiff with it, or he could pay any pre existing debt, and defendant could not complain, nor could it follow that money, although able to trace the transaction. At this time Tomes was largely indebted to plaintiff, and it was coinper tent for him to pay that indebtedness. Had he sent the money by express or otherwise to plaintiff’s head office, there can be no doubt but that plaintiff would have obtained good title thereto, and could have applied it upon his existing indebtedness. If paid to them at any other place or manner, a like result would be reached. When placed in plaintiff’s account, it became impressed with a trust in plaintiff’s favor, and was payment to it as fully and completely as though the money had been handed to plaintiff’s president., The title then passed to plaintiff, and it could not be divested of it except through some one of its authorized channels. Neither the bank nor any other person could take it, although, before drawn out, all the facts were -known. It was applied in payment of the check, but this check represented the individual debt of- Tomes, and consequently it was a misappropriation of plaintiff’s moneys to apply them thereon. It is believed that the authorities support the views here expressed. In Justh *63 v. Nat. Bank, 56 N. Y. 484, it was said: “In the absence of trust or agency, I take the rule to be that it is only to the extent of the interest remaining in the party committing the fraud that money' can be followed as against an innocent party having a lawful title founded upon consideration; and that, if it has been paid in the ordinary course of business, either upon a new consideration or for an existing debt, the right of the party to follow the money is gone.”
In the present case there was no trust or agency. As we have seen, Tomes did not assume to represent plaintiff in any one of the transactions or in any matter of detail connected therewith, and each person who dealt with him had knowledge of such fact. When the money went into plaintiff’s account, it became instantly the plaintiff’s money. Tomes had no interest therein, and it was only his interest that defendant could reach. Stephens v. Board, 79 N. Y. 183; Van Allen v. Am. Nat. Bank, 52 N. Y. 1; Gerard v. McCormick, 29 St. Rep. 709; 8 N. Y. Supp. 860. The rule here laid down in no wise conflicts with the law, long established, that a defrauded vendor of goods may pursue and retake the goods as against every person except a bona fide purchaser parting with present value. Such are the cases relied on by defendant. They are without application, for the reason that the property sold in the present case is not the subject of pursuit. That was pledged by Tomes, and disposed of by the bank,-and he received the money on his note, and paid a debt he owed, and the creditor received it with no notice of its source or of the fraud practiced by Tomes. The distinction is very clearly pointed out in Stephens v. Board, 79 N. Y. 183.
Nor do I think defendant has any equitable defense. When it parted with its property it had full notice of the character of the transaction. It chose to receive plaintiff’s check, and thereby invested Tomes with control and dominion over the property. It was not influenced in any thing it did by what Tomes subsequently did with the property, for of that disposition it had no notice until some time subsequent to the payment' of the check. There was, therefore, nothing in the whole transaction which influenced its action.' It was simply a sale of stock, for which it took plaintiff’s check for Tomes’ debt, and it elected to do so with complete knowledge of its character. The case, therefore, lacks any equitable features available to defendant. The result is that the money which paid this check was plaintiff’s money, for which it is entitled to judgment.
The motion for a new trial is denied, and judgment is ordered for plaintiff on the verdict, with costs.