(86 App. Div. 260.)

### WELCH v. POLLEY et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. TRUSTS—MISAPPROPRIATION OF FUNDS—FOLLOWING TRUST FUNDS.

Plaintiff's trustee used a portion of the trust fund to purchase certain real estate, taking a deed to the same in his own name, and thereafter fraudulently conveyed the property to C. The trustee was subsequently declared a bankrupt, and an action was brought by the trustee in bankruptcy against C. to recover the property, as a part of the bankrupt's estate, which action was compromised by the defendant therein paying a certain sum of money into court for the benefit of the bankrupt's estate. *Held*, that the money so paid did not represent a part of plaintiff's trust estate, and hence she was not entitled to have the same impressed with a trust in her favor in the hands of the bankrupt's trustee.

2. SAME—EFFECT OF SETTLEMENT.

The settlement of the action between the bankrupt's trustee and C. did not affect plaintiff's right, as against C., to have the property so conveyed to C. impressed with a trust in her favor.

Appeal from Special Term, Kings County.

Action by Mary Frances Welch against Grahams Polley and another. From a judgment in favor of defendant Miles M. O'Brien, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Raphael J. Moses, for appellant.

Moses Weinman (Louis Malthaner, on the brief), for respondent.

GOODRICH, P. J. The plaintiff appeals from a judgment dismissing her complaint on the merits in an action brought by her to impress a trust upon funds in the hands of the defendant O'Brien as trustee in bankruptcy of Grahams Polley. In October, 1897, the plaintiff, Mrs. Welch, transferred to Grahams Polley and David Polley all her personal property in trust to invest the same and pay the income thereof to her during her lifetime, and after her decease to pay the principal to such persons as she should appoint by her will, and, in default of such appointment, to her next of kin. Under this trust the trustees received $40,000 prior to the death of David Polley, which occurred in January, 1896, whereby Grahams Polley, as survivor, came into possession of the trust fund, and with a portion of it purchased and received a deed in his own name of real estate, which he thereafter fraudulently conveyed to one Lillian Cavanagh. In December, 1900, Grahams Polley filed a voluntary petition in bankruptcy in the office of the clerk of the District Court of the United States, alleging his insolvency. He was adjudicated a bankrupt, and the defendant O'Brien was appointed as trustee of the bankrupt's estate. O'Brien, as such trustee, commenced an action against Polley and Cavanagh to set aside the transfer of the real estate to Cavanagh, alleging that the transfer was fraudulently made by the bankrupt, without consideration, and with intent to hinder and delay the creditors of Polley. The action was tried, and resulted in a judgment in favor of the trustee, whereupon the defendants appealed; but before argument the matter was compromised, by permission of the bankruptcy

court, for the sum of $18,963.48, which is still in the hands of the trustee. In the present action, Mrs. Welch claims that this sum belongs to her, and is subject to the terms of her trust agreement, and is impressed with a trust in her favor.

The court held that the money in the hands of O'Brien represented an amount paid in settlement of the claim asserted by the trustee in bankruptcy, and did not represent any moneys belonging to Mrs. Welch's trust; that the money was received by O'Brien as belonging to the bankrupt; and that the plaintiff could not collaterally attack the judgment, and take from O'Brien, the trustee, the moneys received by him for claims asserted against property adjudged to belong to the bankrupt's estate, and received in settlement of the judgment. In the opinion, the court (Mr. Justice Marean) stated that, as Polley used Mrs. Welch's trust funds in the purchase of the real estate which he presented to Cavanagh, her title to the real estate was impressed with a trust in favor of Mrs. Welch; that O'Brien, as trustee in bankruptcy, became vested with all the rights of the bankrupt and of his creditors as such; that his release to Cavanagh did not discharge the rights of Mrs. Welch against the real estate; and that she could not enforce any claim against the money in the hands of O'Brien as trustee.

It is manifest that the money received by O'Brien was recovered under an adjudication that the real estate belonged to Polley, and not to Mrs. Welch; that it was his property, and not hers, which was transferred to Cavanagh. There was no claim in the trustee's action that the trustee was seeking to recover the real estate because it had been transferred to Cavanagh in fraud of the rights of Mrs. Welch, but because it was transferred in fraud of the rights of the creditors of the bankrupt. The trustee made no conveyance of the real estate to Cavanagh. He simply released her from the judgment which he had obtained against her. If she holds the real estate impressed with Mrs. Welch's trust, the latter has her remedy against her and the real estate, for no such right was or could be discharged by the trustee in the settlement with Cavanagh.

In Stephens v. The Board of Education, 79 N. Y. 183, 35 Am. Rep. 511, Gill, while a member of the board of education, had converted to his own use a sum of money belonging to the board. He obtained money from Stephens on a forged mortgage, and deposited the same in his bank account, against which he drew a check and paid the board. The court held that Stephens could not recover the money from the board, but that his cause of action was against Gill. The principle was stated in Patrick v. Metcalf, 37 N. Y. 332, and followed in Butterworth v. Gould, 41 N. Y. 450, that when two claimants for the same service apply for payment to the party bound to pay, and one of them is recognized as having a just claim, and is paid to the exclusion of the other, who is in fact the one entitled, the party thus excluded derives no title to the money paid, as against the party receiving payment, and that money thus paid is not an appropriation for the payment of the claim of the competitor, and cannot be considered as a trust for such purpose, and that the right of such competitor to call upon his debtor for payment still remains wholly unaffected. To the same effect is the decision in Hathaway v. Town of Homer, 54 N. Y. 655. Under these

authorities, the plaintiff has not lost any right of action which she may have had against Cavanagh or the real estate in question by reason of the compromise and settlement of O'Brien's claim against Cavanagh, which was of an altogether different nature.

We are not called upon to consider or decide any question as to the right of Mrs. Welch to prove her claim in the bankruptcy proceedings as a secured creditor, or to share with the other creditors in the estate of the bankrupt in the hands of the trustee in bankruptcy.

The judgment must be affirmed, with costs.   All concur.