Marco Di Orio *vs.* Salvatore Venditti *et al.*

JUNE 1, 1916.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)*   *Records.   Evidence.*

In an action of assumpsit, evidence that witness examined the records and saw discharges of real estate mortgages on a certain date, offered to prove that one of the defendants had mortgages discharged about the time of the alleged loan to the defendants in order to show that she had need of money to prevent a mortgage sale, is inadmissible.

*Semble:*—The officer having custody of land records has no authority to certify what are the contents of his records or what they are in substance or effect. As a certifying officer he may make copies and certify to their correctness as copies.

*(2)*   *Evidence.   Harmless Error.*

In an action of assumpsit, upon the issue whether the loan was made to both or only to one of the defendants, evidence was improperly admitted to show a discharge of mortgages in order to show that one of the defendants had need of money at that time to prevent a mortgage sale, but it appeared from her own testimony that she had need of money about the time of the loan for that purpose, and as such evidence would have no probative force as to whether she participated in the loan except as it was connected with the testimony of the plaintiff as to her statements of such need of money in connection with the negotiation of the loan, it could not have influenced the jury, since it only established a fact to which she had herself testified and its admission did not constitute reversible error.

Assumpsit.   Heard on exceptions of defendant and overruled.

Johnson, C. J.   This is an action of the case in assumpsit brought by the plaintiff against Salvatore Venditti and Gesulmina Venditti, his wife.

The following facts appear from the evidence: The defendants went to the house of the plaintiff to inquire about getting a loan of money from the plaintiff. After some consultations the plaintiff advanced the sum of four hundred (400) dollars and took the promissory note of the defendant, Salvatore Venditti, for the same. About a month after the first loan was made, the plaintiff advanced the further

sum of two hundred (200) dollars, and took the promissory note of the defendant, Salvatore Venditti, for the same. Both notes are exhibits in this case.

The defendant, Salvatore Venditti, made payment on account of this indebtedness from time to time and plaintiff signed his name as a receipt in a book kept by the defendant, Salvatore Venditti. This book is an exhibit in the case. On or about October 18, 1913, the plaintiff brought suit against the defendant, Salvatore Venditti, to recover the sum of six hundred dollars loaned. It is not disputed that this was for the same money. The writ in said suit was not entered in court. Said writ was introduced in evidence and is an exhibit in this case.

On November 22, 1914, plaintiff brought suit against both Salvatore Venditti and Gesulmina Venditti to recover for money loaned to the amount of six hundred dollars. It is not claimed that there was ever more than the sum of six hundred dollars with interest due the plaintiff, the only question in dispute being whether the debt was due from both or only one of the defendants.

The defendant, Salvatore Venditti, admits that he is indebted to the plaintiff, but the other defendant, Gesulmina Venditti, denies liability.

The case was tried in the Superior Court before a justice sitting with a jury and a verdict was returned against both defendants for $622.42. The defendant's motion for a new trial was denied by the justice who presided at the trial and the case is before this court upon the defendant's bill of exceptions.

The exceptions are:

"*First:* To allowance of certain portions of the testimony of Joseph Venezile called as a witness on behalf of the plaintiff, whereby said plaintiff was allowed to show by said witness that he, said witness, had examined the Records of Land Evidence of the City of Providence and that said records showed that certain mortgages on the real estate of

said Gesulmina Venditti had been discharged on or about the time the money in dispute was loaned by the plaintiff to the defendants, to which the defendants duly excepted. (Transcript pages 28 and 29.)

"*Second:* To the decision of the Justice denying the motion of said defendants for a new trial."

The testimony of Joseph Venezile that he examined the records in the office of the Recorder of Deeds, and saw discharges of mortgages on her real estate dated January 6, 1912, was offered for the purpose of proving that Mrs. Venditti had mortgages discharged at about the time of the alleged loan to the two defendants, in order to show that she had need of money for the purpose of securing such discharges to prevent a mortgage sale of her property. The statement of Venezile that he had examined the records and his testimony to the discharges of the mortgages which he said were shown thereon was not admissible.

Even the officer having custody of the land records has no authority or power to certify what are the contents of his record, or what they are in substance or effect. As a certifying officer, he may make copies from the records, and certify to their correctness as copies. Thus in *Hopkins* v. *Millard*, 9 R. I. 37, the court said: "If it were competent for a town clerk, without making any copy of his records, to certify what are their contents, what in fact they are in substance and effect, it could not be said that the evidence was not pertinent to the issue. But he has no such authority. He is not, to this extent, a certifying officer, so as to make the certificate evidence of the fact certified. His power and his competency extends no further than, within the State, to make a copy of the record and to certify the truth of the copy, and this is permitted to save the records being taken from their proper custody."

Did the admission of said evidence constitute reversible error ?

Mrs. Venditti testified, as shown by the transcript, as follows: "48 CQ. Wasn't your property in January, 1912,

December, 1911, or January, 1912, threatened with foreclosure proceedings unless arrangements were made ? A. Yes. 50 CQ. Did you ever tell Mr. or Mrs. Di Orio that you needed money to protect your property, otherwise your property would be sold with a flag ? A. I did not tell her, I told others, to other people, when my property was being sold, but not to her. 51 CQ. Now do you remember that, when it was that your property was being sold ? A. I don't remember the years; I don't remember well. 52 CQ. About two years ago last January, wasn't it ? A. Well, I think so. 53 CQ. About that time your property was in danger, wasn't it ? A. Yes. 54 CQ. And you had to fix up and get some money and scrape it together to fix those mortgages, didn't you ? A. But not for that mortgage; I had to work for this money. 55 CQ. But you had to borrow some money, didn't you to fix up that mortgage or your property would be sold ? A. Well, what did they want to know, whether I had to borrow this money or whether I had not ? 57 CQ. I don't care from whom or which. Did you not have to borrow money to fix up this property, mortgages, and save your property ? A. I don't remember whether I had to borrow or whether it was that I had rents in advance paid to me. I asked all my tenants to pay me rents in advance, fix the mortgage. 58 CQ. In other words, as I understand you now, as far as you remember now, you went to your different tenants and got them to pay you ahead of time so that you could fix up that mortgage, is that right ? A. Yes, in my house, yes. 59 CQ. Now how many months in advance did you get from your different tenants ? A. Some two or some three, and I paid the money." Her testimony showed that she had need of money, about the time of the loan in question, to save her property from sale. The fact of her need of money for the purpose of preventing the sale of her property was therefore as well established by her testimony as it would be by the admission of the testimony of Venezile or by a certified copy of the record itself. On the question whether the loan was

made to Mr. Venditti alone or to both Mr. and Mrs. Venditti, the testimony of the parties was in direct conflict. On the question of Mrs. Venditti's need of money about the time of the loan to protect her property from sale there is no dispute except as to whether she so told the Di Orios. If she participated in the borrowing and the credit was given to both her and her husband she would be liable. If she did not so participate and the loan was made to her husband, she would not be liable, no matter how great her need of money or even if she obtained the money from her husband after he had borrowed it. The testimony as to a fact tending to show her need of money would have no probative force as to the terms of the loan itself, except as it was connected with it by the testimony of the plaintiff and his wife as to her statements of such need of money in connection with the negotiation of the loan. It ought not to have had any influence upon the jury detrimental to Mrs. Venditti, and we do not see that it could have such influence, since it only tended to establish a fact to which she herself testified. The admission of said testimony, therefore, was not reversible error.

From our examination of the evidence we are not able to say that the trial justice erred in his decision denying the defendant's motion for a new trial.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment for the plaintiff upon the verdict.

*Anthony V. Pettine, Henry J. Brady,* for plaintiff.
*Simon S. Lapham,* for defendant.