# Zaami v. Joseph Denunzio Fruit Company, et al.

(Decided November 22, 1918.)

## Appeal from Jefferson Circuit Court
## (Chancery Division No. 2).

1. Principal and Agent—Misappropriation—Recovery.—Where an agent misappropriates money of his principal by paying it upon the debt of the agent or of a third party, the principal and true owner may recover the same if the recipient of the money knew of the agency and of the true ownership of the money at the time and before it was received by him.

2. Principal and Agent—Misappropriation—Recovery.—Where one receives money of another without power or authority to make application of the fund in any way or upon any account, he can only hold and preserve the fund for the use and benefit of its true owner, and if he apply it upon a debt of his own or of a third party without the knowledge or consent of the principal, and the creditor receives the money with knowledge of its true ownership, both the agent and the recipient of the fund are liable to the true owner thereof.

3. Principal and Agent—Title Company Agent of Purchaser—Knowledge.—A title company engaged in examining, abstracting and insuring titles, which is employed to examine and insure a given title for a purchaser, is the agent of such purchaser, and the knowledge of the title company with respect to the title is the knowledge of its principal, the purchaser.

BENNETT H. YOUNG and SAMUEL G. TATE for appellant.

EDWARDS, OGDEN & PEAK and JOHN W. RAMSEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Money in the hands of an agent or trustee which is paid by him in satisfaction of a past due obligation of the agent or another, and received by the creditor with full knowledge of the true ownership of the money and that it was not the property of the agent who paid it, and the further knowledge that the agent as well as the debtor was insolvent, may in an equitable proceeding be recovered by the rightful owner if the rights of third parties have not intervened. This is an equitable rule and principle of law recognized by text writers and courts generally, and has application to the facts of this case. Turney v. Higgins, 9th Kentucky Opinion, 781;

Jett, et al. v. Jett, 171 Ky. 548; Newhall v. Wyatt, 139 N. Y. 452; Stephens v. Board, 79 N. Y. 183; Merchant Loan & Trust Co. v. Lanson, 90 Ill. App. 18; First National Bank v. Gilbert, 123 La. 845; Baldwin v. Tucker, 112 Ky. 282; Fahnestock & Co. v. Bailey & Barnum, 3rd Metcalf 48; 21 R. C. L., sec. 92; 2 Corpus Juris, secs. 566 and 572.

The appellant, Catherine Zaami, is a married woman. The Joseph Denunzio Fruit Company is a corporation doing a wholesale fruit and vegetable business, in Louisville; Charles Scholtz, Jr., is its president and general manager, and Andrew Ilari, who was a defendant below, is the brother of appellant, Catherine Zaami, and has been engaged as a fruit vender in Louisville. As their names indicate, these persons are of Italian birth. Mrs. Zaami was the owner of certain real property on Broadway, in Louisville, and had held and owned it for some years before the sale and misappropriation complained of. Stripped of all its surplus vesture the case presents these facts; the real property of Mrs. Zaami was sold by her to the Joseph Denunzio Fruit Company through its president, Charles Scholtz, Jr., the transaction taking place while Mrs. Zaami was in Italy recuperating from a severe illness; the price was $12,500.00, but there was a lien or liens upon the property amounting to about $9,000.00, so that her equity was little more than $3,000.00. The purchaser of the property engaged the Kentucky Title Company to investigate and insure the title and prepare the necessary papers, and represent it in the transfer. As Mrs. Zaami was in Italy the deed transferring the property to the Denunzio Fruit Company was forwarded to her for her signature and acknowledgment in that country. With it was sent the following:

"Palermo, Italy, July 1, 1914.

"Kentucky Title Savings Bank & Trust Company,
Louisville, Kentucky.

"Gentlemen:

"Please pay to my husband, Peter Zaami, or to Andrew Ilari, the net proceeds of the property being sold to Mr. Charles Scholtz, Jr., fronting fifty-two (52) feet more or less on the south side of Broadway, by a depth of two hundred and ten (210) feet, more or less, to

an alley, beginning one hundred and thirty-two (132) feet east of Ninth Street, in the city of Louisville, Kentucky.

"Yours very truly,
"(Signed)  CATHERINE ZAAMI."

And this writing was signed by Mrs. Zaami at the time she signed and acknowledged the deed, and the two were returned to Louisville. The money due Mrs. Zaami upon her equity in the property was divided into two checks, the largest being $3,000.00, and was made to her brother, Andrew Ilari, as per instructions in the foregoing letter. Immediately upon the issual of the check to Ilari for $3,000.00 he endorsed the same over to the Joseph Denunzio Fruit Company and delivered it to the president of that company, and the $3,000.00 thus due Mrs. Zaami was applied by the Fruit Company in part extinguishment of a past due account owing it by the Peter Zaami Company, a corporation, without the knowledge, consent or direction of Mrs. Zaami, who was at the time in Italy. Some months later Mrs. Zaami returned to Louisville and being quite sick did not learn of the misappropriation of the $3,000.00 by her brother and the fruit company until a month or more after her arrival home. The Peter Zaami Company, incorporated, of which she was a stockholder and officer, was in straitened financial circumstances, and shortly after her return went into bankruptcy. It owed the Denunzio Fruit Company something more than $3,000.00 at the time of the appropriation of the $3,000.00 check aforesaid, and had obtained additional credit of about $3,000.00 at the time it was declared a bankrupt. The account was long past due at the time the Denunzio Fruit Company received the $3,000.00 check, which represented the money due Mrs. Zaami, and the Denunzio Fruit Company had been insisting upon the Zaami Company making payment on its account. In fact, the Denunzio Fruit Company was so apprehensive as to the indebtedness of the Zaami Company that it refused to extend further credit without payment and was threatening to institute an action to recover the amount due. From all these facts we deduce the following: that the $3,00.00 was the property of Mrs. Zaami, and this fact was known to the Denunzio Company and its officers at the time and before it received the same and applied it

upon the account of the Zaami Company; that the Zaami Company and Ilari at the time of said payment were insolvent, and the Denunzio Fruit Company received the check and money with full knowledge that Ilari was the agent or trustee of his sister, Mrs. Zaami, to receive the money and had no authority to apply it in any way whatever. It, therefore, follows that the equitable rule above stated has application to the facts of this case.

The chancellor in his opinion and finding holds that the Denunzio Fruit Company did not have knowledge of Mrs. Zaami's ownership of the property, or of the lack of ownership of Ilari of the money represented by the $3,000.00 check. Just how he arrived at this conclusion from the evidence we are unable to understand. The Kentucky Title Company was the agent of the Denunzio Fruit Company for the investigation of the title of Mrs. Zaami to the Broadway street property. It made an abstract of this title and insured it for the Denunzio Fruit Company, and the knowledge which it acquired as to the title and ownership of the property was the knowledge of its principal, the Denunzio Company, in this transaction. The Denunzio Company is charged with the knowledge that the title to the Broadway street property was in Mrs. Zaami, and the money due upon the equity which she held was her money and payable to her. The written authority given by Mrs. Zaami, while at Palermo, Italy, on July 1, 1914 (copied above), was in the hands of the agents of the Denunzio Company, and as it directed only the payment of the money to Andrew Ilari and did not give him authority to appropriate it to pay it to anyone, or upon any account, the Denunzio Company was cognizant of the limited power and authority of the agent Ilari, and that he was without authority to pay the money upon the account of the Zaami Company to the Denunzio Fruit Company. Mrs. Zaami never consented to such payment nor has she since ratified it. It does not matter that Pater Zaami, the husband of Catherine, referred to the property on Broadway as his property when the record of title which the Denunzio people investigated, through their agent, clearly proved the title to be in Catherine Zaami, and as the Denunzio Company was dealing with Mrs. Zaami in Italy and had forwarded a deed for her signature, it can not be doubted

that the company was thoroughly familiar with the fact that she was the legal title holder.

We are not unmindful of the rule that money obtained from an agent even by fraud or felony can not be recovered by the true owner in the hands of one who has received it in good faith and for value, but the Denunzio Company did not so receive this money, and, quite to the contrary, was entirely familiar with all the facts, and this is what renders it responsible. Appellees cite and rely upon certain cases decided by the Supreme Court of New York. It appears to be the settled law of New York, that the payment of money to a creditor who receives it in the discharge of an existing debt *innocently* and *without knowledge or means of knowledge* that the debtor paying it had no rightful ownership of the fund, is good and effectual, and does not subject the recipient to a recovery by the true owner. Indeed, this is the general rule recognized in most states, including Kentucky, and had the $3,000.00 in question in this case been paid to the Denunzio Fruit Company and received by it innocently and without knowledge or means of knowing that Ilari, who paid it, had no rightful ownership of the funds, the payment would have been effectual and Mrs. Zaami would not be entitled to a recovery even though she is the true owner. It would have been quite easy for Mrs. Zaami, while directing the bank in her letter of July 1, 1914, to pay the money due her upon the equity of Peter Zaami or Andrew Ilari, to have added the necessary words to have given her agents, or agent, authority to pay the money upon the account of the Zaami company if she had so desired. An examination, however, of the authority which she gave for the payment of the money discloses that her agent Ilari possessed no right or power whatever to dispose of the money in any way. He could only receive and hold it for her use and benefit, and as the Denunzio Fruit Company was familiar with all the facts, it, as well as Ilari, is responsible to Mrs. Zaami for its misappropriation.

The judgment is therefore reversed with directions to enter judgment in conformity with this opinion.