PIONEER RESERVE LIFE INSURANCE COMPANY *v.* SMITH.

Opinion delivered December 2, 1929.

*Taylor Roberts* and *H. B. Stubblefield*, for appellant.

*Marveline Osborne* and *Robert Bailey*, for appellee.

SMITH, J. L. G. Morgan, the authorized agent of the Pioneer Reserve Life Insurance Company, took the application of A. M. Reed for a $5,000 life insurance policy, and issued what is called an advance premium receipt, which recited that, if the policy was not issued pursuant to the application, the premium would be returned by the insurance company. Reed obtained the money to make the payment from Smith, and gave Smith, at the time, a check payable ninety days later, and indorsed thereon the words, "with interest." Morgan did not forward the application, and made no report of the collection to the insurance company. Failing to receive the policy applied for, Reed notified the company, and received from it a letter acknowledging Morgan's agency and expressing surprise and regret at his conduct. This letter directed Reed to report for the physical examination to a physician who was named, and stated that the policy applied for would be issued upon receipt of a favorable report from the physician. In his testimony at the trial from which this appeal comes Reed stated that he was disgusted, and decided that he did not want to proceed with his application, and that he did not apply for the examination as he had been directed to do. Reed stopped payment of his check, and it was not paid when presented. Smith died, and his administrator brought

suit upon the check at law against both Reed and the insurance company, and recovered judgment against both defendants for the amount of the check, with interest, and the insurance company alone has appealed from this judgment.

Reed testified, as a witness on behalf of the plaintiff, that when he gave Smith the check, Smith paid Morgan the money, and Morgan gave witness a receipt, and that he would have permitted the check to be paid upon its maturity, had the policy as originally applied for been issued. After the controversy arose, Reed turned the receipt over to Smith.

Certain preliminary questions have been raised, which we find it unnecessary to discuss, as, in our opinion, no right to recover against the insurance company was shown.

It is conceded that Morgan was the agent of the insurance company, with authority to receive the money paid him, and to issue the receipt which was delivered to Reed, and the right of Reed to recover the premium, had he paid it, cannot be questioned; but there was no privity of contract between Smith and the insurance company. He was not a party to the contract for the issuance of the policy. He merely loaned Reed a sum of money, and the fact that he paid this money to the company's agent did not alter his relation to the transaction. Smith was Reed's creditor, and nothing more, and in paying the money to the company's agent he himself acted as the agent of his debtor in so doing, and did not thereby enter into any personal contractual relation with the insurance company. Had he paid and delivered the money to Reed, instead of to Morgan, his attitude would not have been different, for this, in effect, is what he did.

The right of Smith to recover from Reed is not questioned, and no appeal was prosecuted from the judgment in Smith's favor against Reed. The plaintiff does not seek by this suit to impound any sum of money which may be due from the insurance company to Reed, resulting from the failure to deliver the policy, as might have

been done by garnishment proceedings; but the suit was brought upon the theory that Smith had an original cause of action against the insurance company, because the money loaned to Reed was paid to the insurance company's agent. This right does not exist, because there was and is no contractual relation or privity of any kind between Smith and the insurance company.

In the case of *Donaghey* v. *Williams,* 123 Ark. 411, 185 S. W. 778, the facts were that Williams sued Donaghey to recover money paid by Williams at Donaghey's request, and we said that: "to sustain a cause of action for money thus paid, the previous request must be proved, or else it must be shown that the party for whose benefit the money was paid ratified such payment after it was made."

Here the testimony does show that Smith paid the money at Reed's request, and this proof entitled him to a judgment against Reed, and this he had, but such a request conferred no right to sue the insurance company upon the misappropriation of the money by the insurance company's agent.

The transaction was a mere loan of money by Smith to Reed, which was made to Reed for his accommodation, and upon the faith of Reed's credit, and upon Reed's promise—implied, if not expressed—to repay the loan.

At § 24 of the chapter on "Money Received," in 41 C. J.; page 42, it is said: "One in whose behalf money is borrowed without authority, but to whose use it is applied by the borrower, is not liable to the lender as for money had and received." This statement of the law is copied from a syllabus in the case of *Kelley* v. *Lindsey,* 73 Mass. 287.

A syllabus in the case of *Stephens* v. *Board of Education,* 79 N. Y. 183, 35 Am. Rep. 511, reads as follows:

"One G, who was a member of the board, defendant herein, as attorney for it received $3,600.84 of its money, which he wrongfully appropriated to his own use; he subsequently procured from plaintiff on a forged mortgage $4,129.34, which he deposited in a bank to his credit,

and on the same day drew his check on said bank to defendant's order for the amount so appropriated, and delivered the same to defendant, who received it, without notice or knowledge of the fraud perpetrated upon plaintiff, and gave G credit therefor; the check was paid, and the money received thereon used by defendant. In an action to recover the amount so received by defendant from G, *held* that defendant, having received the money in good faith, and in the ordinary course of business, for a valuable consideration, was not liable. The possession of money vests the title in the holder, as to third persons dealing with him and receiving it in due course of business and in good faith, upon a consideration good as between the parties.''

In the case of *Di Orio* v. *Venditti*, 39 R. I. 101, 97 Atl. 599, a syllabus reads as follows: ''Where a wife participated in borrowing money with her husband, and the credit was given to both, both are liable for the debt; but, if she did not so participate, and the loan was made to her husband, the wife is not liable, even if she obtained the money from her husband after he borrowed it.''

In the case of *Combest* v. *Glenn*, 142 S. W. 112, the facts were that Grisham was the agent of Combest in the location and development of a townsite, and borrowed from Glenn $15, which he spent in buying material to be used in the construction of one of Combest's buildings. In reversing a judgment which Glenn had recovered for the money so loaned, it was said: ''The bare fact that the money loaned was used to obtain door shutters for the commissary on defendant's land would not render him liable to plaintiff therefor.''

If we should hold that Smith could recover against the insurance company because he had made a loan to Reed of the amount of money necessary to pay Reed's premium, which Reed had the right to recover in the event the policy was not issued as applied for, a principle would be announced which would be endless and uncertain in its ramifications and applications.

The judgment against the insurance company will therefore be reversed, and the cause of action as to it will be dismissed. It is so ordered.

HART, C. J., (dissenting). Morgan, the agent of the insurance company, gave Reed an advance premium receipt for the $242.40. The receipt provides that, if for any reason the application is denied, the company will notify the applicant, and return the premium upon the surrender of the receipt. When Reed failed to get his policy, and got into a wrangle, as he terms it, about the non-delivery of it, he turned the receipt over to Smith. This practically amounted to an assignment to Smith by Reed of his claim against the insurance company for a return of the advance premium, although it is not so called in express words. Reed admits that Smith is entitled to recover $242.40 from either the company or himself. This amounts to an admission that he, Reed, is not entitled to recover against the company. He is a party to the present suit and is bound by the judgment, so that the insurance company cannot again be compelled to pay the claim in a suit by Reed. If it be conceded that the court should not have rendered judgment against Reed, that error would not result in any prejudice to the insurance company, and would not call for a reversal of the judgment, because Reed has not appealed.