McLUCAS, P. J.
Plaintiffs brought action for damages in the sum of eight hundred and twenty-five dollars ($825) to real and personal property by reason of alleged negligence on the part of the defendant in drilling an oil-well. Complaint was filed on March 11, 1929, alleging damages in the sum of seven hundred and fifty dollars ($750), and amended complaint was filed June 21, 1929, alleging damages in the sum of eight hundred and twenty-five dollars ($825). The case was tried September 17, 192'9, and leave to file a second amended complaint was granted, which alleged damages in the sum of eight hundred and twenty-five ($825). Defendant objected to the introduction of any evidence on the ground that it appeared from the pleadings that the title to real property was involved in the action and that for such reason the court had no jurisdiction. The objection was sustained and judgment of dismissal granted on January 20, 1930. Plaintiffs appeal from the judgment.
The sole question for determination is whether the municipal court has jurisdiction of actions involving the title to real property.
On November 6, 1928, section 5 of article VI of the Constitution was amended so as to read in part as follows:
“The superior courts shall have original jurisdiction in all civil cases and proceedings (except as in this article otherwise provided, and except, also cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices’ or other inferior courts . . . ).’’
*Supp. 769 On the same date section 13 of article VI of the Constitution was amended, providing that
“Notwithstanding any provision contained in this article, the legislature may fix by law the jurisdiction of municipal courts and inferior courts in cities having municipal courts which may be established in pursuance of this article, and may fix by law the powers, duties, qualifications and responsibilities of judges thereof.
“Any action heretofore taken by the legislature in fixing exclusive jurisdiction of municipal courts in cases at law is hereby ratified and confirmed.”
Prior to the foregoing amendment of section 13 of article VI of the Constitution, the legislature had, on May 23, 1925, adopted an act which provided that
“Each municipal court shall have exclusive original jurisdiction of all cases at law in which the demand exclusive of interest or the value of the property in controversy amounts to $1000 or less ...” (Stats. 1925, p. 648.)
This act was ratified and affirmed by the provision of the amendment of section 13 of article VI of the Constitution, adopted November 6, 1928.
Pursuant to the provisions of section 13 of article VI of the Constitution, as amended November 6, 1928, the legislature on May 25, 1929, adopted an act effective August 14, 1929, amending the act adopted in 1925 and fixing the jurisdiction of municipal courts, in which each municipal court is granted exclusive original jurisdiction of all civil cases as follows:
“Each muncipal court shall have exclusive original jurisdiction of all civil cases and actions, arising within the city or city and county in which such municipal court is established, of the following classes: 1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to $2000 or less ...” (Stats. 1929, chap. 477, p. 838.)
Section 76 of the Code of Civil Procedure was amended in 1929 so as to provide, in part, as follows:
“The superior court shall have original jurisdiction: 1. In all civil cases and proceedings except cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices’ or other inferior courts, ...”
*Supp. 770 Formerly the superior court had original jurisdiction of all cases at law involving the title or possession of real property under the provisions of the Constitution, article VI, section 5; Code of Civil Procedure, section 76. But on the adoption of the amendments to sections 5 and 13 of article VI of the Constitution, on November 6, 1928, the superior court lost such jurisdiction up to $1,000 and since the legislation of 1929, adopted pursuant to the constitutional amendment of 1928, which specifically provided that the superior court should have original jurisdiction in all civil cases except cases in which jurisdiction is or shall be given by law to municipal or other inferior courts, we conclude that the superior court has lost jurisdiction of all actions at law within the statutory limit of $2,000, including actions at law which involve the title or possession of real property, and that such jurisdiction has been granted to the municipal court.
The judgment is reversed, the cause remanded for a new trial in the municipal court, appellants to have their costs on appeal.
Shaw, J., and Bishop, J., concurred.