MUNDO, J.
 

 In April, 1939, plaintiffs delivered to MeadHaskell Co. $2,000 to be placed in escrow with the Union Title Insurance and Trust Company and to be paid out to Mrs. Ethel B. Fletcher in consideration for a note and trust deed upon real property owned by her. Mrs. Fletcher cancelled her portion of the escrow, leaving the $2,000 with the title company. A judgment creditor of Mead-Haskell Co. levied on the $2,000 under the assumption it was Mead-Haskell’s property.
 

 The evidence shows that Mead-Haskell Co. received plaintiffs’ money, deposited it to its own general account in the bank, disbursed it, and upon replenishing its bank account delivered $2,000 to the title company for the Hanson-Fletcher escrow. A petition in bankruptcy was filed May 19, 1939, and Mead-Háskell Co. was adjudicated a bankrupt on July 39, 1939. The Trustee in Bankruptcy being subrogated to Mead-Haskell’s rights in the premises claims an interest in the money held by the title company. The plaintiffs had no knowledge of Mead-Haskell’s insolvency when the money was delivered to Mead-Haskell. At the time Mead-Haskell delivered the $2,000 to the title company for the escrow its account at the bank was not entirely depleted. The trial court found for the plaintiffs and'its judgment was that the $2,000 is the property of the plaintiffs and that Mead-Haskell Co. nor the Trustee in Bankruptcy have any right, title or interest in and to the said sum. The Trustee in Bankruptcy appeals, contending principally that (1) the municipal court did not have jurisdiction of the subject-matter of the action; (2) quiet title action not the proper remedy, and (3) relationship between plaintiffs and Mead-Haskell was that of creditor-debtor. These contentions will be dealt with in order.
 

 
 *Supp. 817
 
 Whatever the action may be denominated we are of the opinion that it is an action at law for money had and received, and that equitable principles are only incidentally involved.
 

 “An action for money had and received, though technically an action at law, proceeds upon equitable principles. ’ ’
 
 (Hayward Lumber etc. Co.
 
 v.
 
 Lyders,
 
 139 Cal. App. 517, 530 [34 Pac. (2d) 805].)
 

 See, also,
 
 Hooper
 
 v.
 
 Miley Oil Co.,
 
 109 Cal. App. (Supp.)
 
 767
 
 [288 Pac. 26], where the municipal court was held to be justified in entertaining an action at law which incidentally involved equitable relief.
 

 At no time was there a true debtor-creditor relationship between Mead-Haskell Co. and the plaintiffs; nor did Mead-Haskell Co. acquire any interest in and to the money which would descend to the Trustee in Bankruptcy. Plaintiffs delivered the money to Mead-Haskell Co. to be placed in escrow; Mead-Haskell Co. acted as the agent of plaintiffs in delivering the money to the escrow at the title company. Plaintiffs’ title to the $2,000 would not pass to Mrs. Fletcher until the conditions of the escrow were performed. The escrow failing, plaintiffs were entitled to a return of the money. The transmission of the $2,000 Horn plaintiffs through Mead-Haskell Co. to an escrow in the Union Title Co. would not give any creditor a greater percentage of his debts than other creditors. The transaction preferred no creditors, was not fraudulent, and the transferee was not a
 
 bona fide
 
 holder for value. Mead-Haskell Co. received $2,000 and transmitted $2,000, so that the Mead-Haskell estate was not decreased by the transaction and no creditor’s portion was in any way decreased. It is as though Mead-Haskell made change for the plaintiffs—no profit to Mead-Haskell, no loss. The case does not involve the law of trusts; the tracing of specific money is not involved at all. There was no evidence of fraud by Mead-Haskell in the use of funds credited to its bank account, nor was there any evidence that plaintiffs knew how or in what manner Mead-Haskell Co. proceeded to deposit the money with the Union Title Company. The rights of third parties herein involved are not superior to plaintiffs’ claim against the money deposited by Mead-Haskell Co. with the Union Title Company. “It is absolutely necessary for practical business transactions that the payee of money in due course of business shall not be put upon inquiry at his peril as to the title
 
 *Supp. 818
 
 of the payor. Money has no ear-mark. The purchaser of a chattel or a chose in action may, by inquiry, in most cases ascertain the right of the person from whom he takes the title. But it is generally impracticable to trace the source from which the possessor of money has derived it. It would introduce great confusion into commercial dealings if the creditor who receives money in payment of a debt is subject to the risk of an accounting therefor to a third person who may be able to show that the debtor obtained it from him by felony or fraud. The law wisely, from considerations of public policy and convenience and to give security and certainty to business transactions, adjudges that the possession of money vests title in the holder as to third persons dealing with him and receiving it in due course of business and in good faith upon a valid consideration.”
 
 (Stephens
 
 v.
 
 Board of Education of City of Brooklyn,
 
 79 N. Y. 183, 187 [35 Am. Rep. 511].)
 

 The trial court found that Mead-Haskell Co. never was the equitable owner of the $2,000; that if it had any interest at all in the money it parted with all
 
 indicia
 
 of title when it transmitted the amount to the title company; that the title company thereafter held same for the benefit and purposes of plaintiffs; that Mead-Haskell Co. had no right, title or interest in said $2,000 while it was in escrow and acquired no right, title or interest in said sum by reason of the withdrawal of Ethel B. Fletcher from the escrow; that no right to the return of this money to Mead-Haskell Co. was created by its going into bankruptcy and that no title to said $2,000 passed to Mead-Haskell’s Trustee in Bankruptcy. These findings we believe to be correct. The judgment therefore is affirmed.
 

 Haines, P. J., and Turrentine, J., concurred.